Boyd v. Pallito, No. 205-3-11 Rdcv (Teachout, J., July 2, 2012)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 205-3-11 Rdcv** |

**ROBERT BOYD,**
      **Plaintiff**

**v.**

**ANDREW PALLITO, Commissioner, Vermont Department of Corrections,**
      **Defendant**

### DECISION
### Cross Motions for Summary Judgment

This case calls for a legal interpretation of a Department of Corrections Policy Directive related to a prison superintendent's authority to order a new disciplinary hearing.  Both the petitioner, a prisoner in custody of the DOC, and the Commissioner have filed motions for summary judgment.  Oral argument on the cross motions for summary judgment was held March 8, 2012. Plaintiff was represented by Patricia M. Lancaster, Esq. Defendant was represented by David McLean, Esq.

The facts pertinent to this motion are not in dispute. Following an incident in prison that was videotaped, Mr. Boyd was charged with a Major A01E Disciplinary Report for assaulting another inmate with a chemical substance by spraying cleaning fluid into his cell. A disciplinary hearing was held at which the Hearing Officer concluded that Mr. Boyd was not guilty of the AO1E offense for which he was charged, but was guilty of a lessor included offense, Major B#21. The Hearing Officer described in his determination that the video did not show the chemical made contact with the victim, that the victim delayed reporting, and that the victim has a history of false accusations.  The Hearing Officer sentenced Mr. Boyd to twelve days of disciplinary segregation.

Following DOC procedures, a three member Disciplinary Committee reviewed the result of the disciplinary hearing. The Disciplinary Committee, by a two to one margin, upheld the findings and the sanction of the Hearing Officer. Upon further review by the Superintendent, also required by DOC procedures, the Superintendent reversed the determination of the Hearing Officer and ordered a new hearing on the Major A01E charge.

A second hearing was held at which the Hearing Officer found Mr. Boyd guilty of the more serious Major A01E charge. Mr. Boyd was sentenced to twenty days of segregation. The Disciplinary Committee and the Superintendent both upheld this second determination.

Mr. Boyd filed a petition with this Court seeking review of the procedure by which the result of the first disciplinary hearing was overturned and he received a more serious violation and sanction upon rehearing, which could affect eligibility for prison programs. Mr. Boyd specifically argues that finding of guilt as to the Major A01E charge and the imposition of a greater sanction at the second hearing violated his right to due process under both the U.S. and Vermont Constitutions. Mr. Boyd seeks to remove the conviction for the Major A01E charge from his record.

Mr. Boyd also claims that the Department of Corrections failed to follow their own procedures in reviewing the result of the first hearing and in ordering a second hearing. The relevant portion of portion of the administrative directive governing the inmate disciplinary system reads as follows:

> The Superintendent will, on their [sic] own motion, 1) support the Disciplinary Committee's decision, 2) reverse the decision, 3) order a new hearing, or 4) modify the sanction imposed, whenever such action is warranted by the record, *Disciplinary Hearing Report*.
>
> • Under such a review, the Superintendent cannot find a more serious violation nor impose a harsher sanction than recommended by the Disciplinary Committee.

DOC Policy Directive 410.01(8)(d).

The Commissioner argues that while the Superintendent himself cannot find a more serious violation nor impose a harsher sanction, there is no limitation on the Superintendent's authority to order a new hearing and that if the new hearing happens to produce a finding of a more serious violation or result in a harsher sanction, this result does not run afoul of the policy directive.

The language quoted above comes from a section entitled "Disciplinary Committee," which outlines the procedure by which first the Disciplinary Committee and then the Superintendent will review the decision of the Hearing Officer. Read in context, the phrase "Under such a review" clearly refers to the entirety of this review process and not simply to the Superintendent's potential choice to impose a sanction himself. Thus, the option to order a new hearing, as one of the four options the Superintendent has available under the review process, is equally subject to the limitation that "the Superintendent cannot find a more serious violation nor impose a harsher sanction than recommended by the Disciplinary Committee."

This is the most logical reading of the directive. Otherwise, the Superintendent could always navigate around the prohibition on finding a more serious violation or imposing a harsher sanction by choosing to order a new hearing rather than making a determination himself. This would create a scenario where the Superintendent, as the head of the hierarchical prison discipline structure, could continue to order new hearings

2

until the desired result is achieved. An interpretation that allows a superintendent to do indirectly what he could not do directly is not a reasonable interpretation of the directive.

This interpretation does not eliminate a superintendent's authority to order a new hearing when warranted by the facts, such as when the record shows that there was inadequate notice or lack of a waiver of appearance or some defect in the process. The record in this case shows no defect that would support the need for a new hearing on such grounds.

Rule 75 review of governmental action is available to address legal issues necessary to determine whether a governmental body has followed its own administrative requirements. The Court concludes that the Policy Directive was not properly interpreted and applied. Where there was no showing of any defect in the first hearing process that required the remedy of a new hearing and no showing of any other grounds for the hearing process to be repeated, a superintendent does not have authority to order a new hearing that results in a more serious violation and sanction than was found at the first hearing.

Mr. Boyd is entitled to his requested relief, namely that the conviction for the Major A01E charge be stricken, and the conviction for the Major B#21 reinstated.

## ORDER

Plaintiff's Motion for Summary Judgment is *granted*.

Defendant's Motion for Summary Judgment is *denied*.

Dated this ___ day of June, 2012.

_____
Hon. Mary Miles Teachout
Superior Court Judge